1  Erwin J. Shustak (119152)
   shustak@shufirm.com
2  Thomas C. Frost (185187)
   tfrost@shufirm.com
3  Robert L. Hill (241624)
   rhill@shufirm.com
4  SHUSTAK FROST & PARTNERS, P.C.
   401 West "A" Street, Suite 2330
5  San Diego, CA 92101
   Telephone: (619) 696-9500
6  Facsimile: (619) 615-5290

7  Attorneys for Imagenetix, Inc. and William Spencer

8

9                     **UNITED STATES DISTRICT COURT**

10                  **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  IMAGENETIX, INC., a Nevada corporation    ) Case No. 11cv2570 JAH JMA
    and WILLIAM  SPENCER, an individual,      )
13                                            ) **BRIEF IN OPPOSITION TO**
                      Petitioners,            ) **RESPONDENTS'** *EX PARTE*
14                                            ) **APPLICATION FOR EXPEDITED**
           v.                                 ) **HEARING ON MOTIONS TO DISMISS**
15                                            ) **AND TO CONFIRM ARBITRATION**
    TRIPHARMA, LLC, a Delaware limited        ) **AWARD, AND IN SUPPORT OF**
16  liability company, and EVAN DAMESHEK, an  ) **PETITIONERS'** *EX PARTE* **CROSS-**
    individual,                               ) **APPLICATION TO SET SPECIAL**
17                                            ) **BRIEFING SCHEDULE ON PARTIES'**
                      Respondents.            ) **CONFLICTING MOTIONS TO VACATE**
18                                            ) **OR CONFIRM ARBITRATION AWARD**
                                              )
19                                            ) CURRENT HEARING DATE:
                                              ) DATE:      January 9, 2012
20                                            ) TIME:      2:30 p.m.
                                              ) ROOM:      11
21                                            )
                                              ) PROPOSED HEARING DATE:
22                                            ) DATE:      December 12, 2011
                                              ) TIME:      2:30 p.m.
23  _____ ) ROOM:      11

24

25

26

27

28

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-
APPLICATION FOR SPECIAL BRIEFING SCHEDULE

11cv2570 JAH JMA

## I.      INTRODUCTION

Petitioners Imagenetix, Inc. and William Spencer (collectively "Imagenetix") submit their opposition to Respondents' *Ex Parte* Application for Expedited Hearing, and submit this Cross-Application to request that the Court (or Magistrate) schedule a conference to establish a special briefing schedule on the parties' conflicting motions to either vacate or confirm the arbitration award at issue (the "Award").  Imagenetix requests this Court put a halt to TriPharma's efforts to rush this issue to hearing so Imagenetix can have a full and fair opportunity to fully brief to the Court the serious flaws in the arbitration Award which mandate vacatur.

Imagenetix filed a Petition to Vacate the Award on November 4, 2011, one day after the final Award was issued. That Petition to Vacate was the first pleading filed in this case.  Once filed, Imagenetix' counsel contacted the Court's chambers and discussed scheduling with the law clerk assigned to this case.  Counsel explained that the Petition to Vacate involved substantial and complex issues of law and fact, would require extensive briefing, and inquired about available hearing dates.  The law clerk, in turn, advised counsel that dates were available in late January and February, and a hearing date for the Petition to Vacate would be assigned when Imagenetix was ready to file its formal, complete Motion to Vacate with all supporting declarations and legal memoranda.  Imagenetix and its counsel currently are in the process of preparing its formal Motion to Vacate that Award.  This Motion involves a number of complex issues of fact and law and will be accompanied by an extensive Memorandum of Points and Authorities and several lengthy declarations.   This is a four million dollar arbitration award issued by a single arbitrator that threatens the continued existence of a San Diego based, small, publicly-traded corporation.

On November 11, 2011, seven days after Imagenetix filed its Petition to Vacate, TriPharma filed its Motion to Confirm the Award or, in the alternative, Dismiss Imagenetix' Petition on jurisdictional grounds.  TriPharma asked for, and was given, the first available hearing date for its motions, January 9, 2012, following the Thanksgiving and Christmas holidays.  TriPharma now argues *ex parte* that this entire matter – involving dueling motions to vacate and confirm the arbitration award as well as a motion to dismiss – should instead be rushed to a hearing on

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-APPLICATION FOR SPECIAL BRIEFING SCHEDULE

11cv2570 JAH JMA

December 12, 2011, less than four weeks earlier than the first available date given to TriPharma when it filed its dueling motion to confirm or dismiss. TriPharma's Application should be denied.

TriPharma's proposed briefing schedule is patently unfair, without just cause, and is nothing more than a sharp procedural tactic that would cause extreme prejudice to Imagenetix (the Petitioner in this case) and deprive Imagenetix of its due process rights, for all of the following reasons:

(1) If the Court grants TriPharma's Application to expedite the hearing date to December 12, Imagenetix will be deprived of the <u>minimum</u> twenty-eight calendar days notice of the motion required by Local Rule 7.1(e)(1). Imagenetix's oppositions to TriPharma's Motion to Dismiss and Motion to Confirm would be due on or before Monday, November 28, <u>the first court day after the Thanksgiving holiday</u>. This would only give Imagenetix approximately one week – the week of the Thanksgiving Day holiday – to prepare oppositions to two very significant, substantive and complex motions and to prepare its own very complex and detailed motion papers in support of its Motion to Vacate.

(2) TriPharma's proposed, unduly expedited briefing schedule would strain the Court's and counsel's time and resources impracticably and for no reason. The real substantive motion in this case is not TriPharma's Motion to Dismiss or its Motion to Confirm, but rather Imagenetix' Motion to Vacate. Imagenetix' Motion to Vacate, now being briefed but not yet filed, involves substantial and complex issues of fact and law that go to the heart of this case. It is Imagenetix' Motion to Vacate that is the more complex and the first filed proceeding. TriPharma's subsequently filed Petition to Confirm is pro-forma. It neither raises – nor addresses – the substantial grounds that Imagenetix has for vacating the arbitration Award. As just one glaring example, and as will be fully addressed and briefed in the Motion to Vacate, the Arbitration Award, *on its face*, manifestly disregards the United States Patent Act and, if confirmed, would require Imagenetix to violate the Federal Patent Act and the Federal Patent rights of an innocent third-party not before this Court. An arbitrator manifestly disregards the law by issuing an award that directs the parties to violate the law. *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001). The Award in

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-APPLICATION FOR SPECIAL BRIEFING SCHEDULE

11cv2570 JAH JMA

this case reinstated a patent licensing agreement between Imagenetix and TriPharma, despite the fact the Arbitrator knew, prior to issuing his final Award, that: (i) Imagenetix had purchased the Federal Patent at issue before the arbitration hearings began; (ii) there was no injunctive or other relief sought or obtained which prevented Imagenetix from selling its valuable Federal Patent rights once it acquired them; (iii) after acquiring that Federal Patent, and without any legal constraint on its ability to do so, Imagenetix sold and assigned those Federal Patent rights, for valuable consideration, to an innocent third-party not before this Court; and (iv) despite knowing Imagenetix had sold these Patent rights, and without making any inquiry to determine if Imagenetix still had the right to continue to sell TriPharma product covered by the Patent Imagenetix no longer owned – which it did not – the Arbitrator ordered Imagenetix to take steps which, if complied with, will cause Imagenetix to violate the Federal Patent rights of that innocent, non-present third party and subject Imagenetix to potential liability for unlawful patent infringement under the United States Patent Act.

For the foregoing reasons, Imagenetix respectfully requests the Court (or Magistrate) deny TriPharma's Application for an expedited hearing and instead schedule a conference to set a special briefing schedule that will give all parties a reasonable and adequate amount of time in which to fully brief their dueling motions to vacate or confirm the arbitration Award and for Imagenetix to oppose TriPharma's Motion to Dismiss.

## II.     BRIEF SUMMARY OF UNDERLYING DISPUTE AND ARBITRATION

### A.     Background Facts

The underlying arbitration concerned the scope and interpretation of a distribution agreement between Imagenetix and TriPharma ("the Agreement").  The Agreement granted TriPharma the right to market, advertise, and sell a patented weight loss supplement product manufactured by Imagenetix.  TriPharma's rights to market and sell the product were contingent upon it making certain minimum orders of weight loss product (or making a royalty payment to Imagenetix), as set forth in the Agreement and amendments thereto.

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-APPLICATION FOR SPECIAL BRIEFING SCHEDULE

1    The weight loss product was derived from Patent No. #6,899,892 ("the 892 Patent"), which

2    was developed by the University of Minnesota ("UMinn").  In 2005 UMinn licensed the rights to

3    the Patent to Imagenetix.  *Spencer Decl., Ex. A, pg. 6.*[1]  Because the weight loss product is derived

4    from the 892 Patent, only the owner or authorized licensee of that Federal Patent has the legal right

5    to manufacture or sell the weight loss product.  *Spencer Decl., ¶4.*  As the exclusive licensee of the

6    892 Patent, Imagenetix had the right to sell the patented weight loss product to TriPharma pursuant

7    to its distribution agreement with TriPharma.

8         The underlying dispute between Imagenetix and TriPharma concerned the scope and

9    meaning of the parties' agreement.  On June 3, 2010, following a failed effort to resolve the dispute,

10   Imagenetix notified TriPharma it was terminating the agreement due to TriPharma's failure to meet

11   the minimum purchase requirements specified in their agreement.  *Spencer Decl., Ex. A, pg. 19.*

12        Imagenetix initiated the underlying JAMS arbitration on June 17, 2010.  Imagenetix

13   requested, among other things, a declaratory judgment adjudicating the scope of the parties'

14   agreement and a declaration that Imagenetix properly terminated the agreement.  TriPharma filed a

15   Counter-Claim. The case proceeded to three weeks of hearings in July and August of this year.

16   *Spencer Decl., Ex. A, pp. 2-3.*

17        **B.    Imagenetix Acquires and Assigns the 892 Patent**

18        In March of this year, months before the hearings began, Imagenetix purchased the 892

19   Patent from the University of Minnesota.  *Spencer Decl., ¶6.*  All parties and the Arbitrator were

20   aware of this purchase prior to and during the hearings.  *Spencer Decl., ¶6, Ex. B.*  At no point did

21   TriPharma take any steps to enjoin Imagenetix from selling or assigning its rights to that Patent,

22   notwithstanding the fact that both TriPharma and the Arbitrator knew that Imagenetix had

23   purchased the Patent before the hearings began and Imagenetix took the position that it had properly

24   cancelled its contract with TriPharma.  TriPharma, in turn, took the position its contract had not

25   properly been terminated and that it had rights to the Patent but never took any steps to enjoin

26   

27   [1]Unless otherwise specified, all citations are to the Arbitrator's Final Award, a copy of which is attached as Exhibit A to
     Mr. Spencer's supporting declaration.

28   

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-
APPLICATION FOR SPECIAL BRIEFING SCHEDULE

1  Imagenetix from exercising its legal right to sell the Patent.  Imagenetix, which already had

2  terminated its contract with TriPharma and was the lawful owner of the Patent it had acquired from

3  UMinn, had the absolute legal right to sell the Patent.

4       Imagenetix did, in fact, sell the Patent to an unrelated third-party, First Fruits Business

5  Ministry, LLC ("First Fruits").  Imagenetix assigned the Patent to First Fruits on March 7, 2011,

6  and held the Assignment in escrow until First Fruits satisfied its payment obligations to Imagenetix.

7  *Spencer Decl., ¶7*.  When those payments were made, Imagenetix authorized the escrow agent to

8  release the Patent Assignment from escrow and record it with the United States Patent and

9  Trademark Office on July 28, 2011, months before the final Arbitration Award was issued.  *Spencer*

10  *Decl., ¶7, Ex. C*.  After assigning the Patent, Imagenetix no longer had the right to manufacture or

11  sell the weight loss product to TriPharma.  *Spencer Decl., ¶10*.

12       The Arbitrator was fully aware of Imagenetix' purchase and sale of the Patent **before he**

13  **issued his final Award.**  These facts also were known to TriPharma, which presented and argued

14  these Patent issues in great detail to the Arbitrator during and after the hearings and before the

15  Arbitrator issued his final Award.  *Spencer Decl., ¶9, Exs. D-E*.

16      **C.**    **The Arbitrator's Award**

17       The Arbitrator issued his Award on November 2, 2011.  The Arbitrator awarded TriPharma

18  substantial monetary damages and concluded Imagenetix had not properly terminated the

19  Agreement.  The Arbitrator also ordered the Imagenetix/TriPharma Agreement be reinstated,

20  despite having notice that Imagenetix no longer owned the Patent and the accompanying patent

21  rights necessary to comply with the Agreement and manufacture the weight loss product and sell it

22  to TriPharma.  The Arbitrator also extended the term of the Agreement by an additional two years

23  (even though TriPharma never made such a request before or during the hearings) and delayed

24  TriPharma's obligation to make a minimum order of weight loss product for six months from

25  issuance of the Award.  *Spencer Decl., Ex. A, pp. 37-38*.    As Imagenetix' Motion to Vacate will

26  show, the Arbitrator also exceeded his authority by granting relief not sought by any party or

27  pleading.

28

## III.   TRIPHARMA'S APPLICATION SHOULD BE DENIED AS UNTIMELY AND FOR LACK OF GOOD CAUSE

In its *ex parte* application, the primary reason TriPharma advances for needing an immediate hearing on its dueling motion to confirm the Award – that it needs the weight loss product from Imagenetix to sell to its customers – is the very reason the Award must be vacated.  Imagenetix no longer owns the 892 Patent, it does not have the right to manufacture and sell TriPharma the weight loss product, and to force it to do so would violate the Federal Patent rights of third party First Fruits (the owner of the Patent) and cause Imagenetix to become a patent infringer.  The Award cannot stand and must be vacated as a matter of Federal law.  This, and the other reasons the Award must be vacated, needs to be fully briefed and presented to this Court and there is no reason, or basis, for rushing to a hearing without affording Imagenetix a reasonable amount of time to fully brief and present these issues to the Court.

### A.   The Application is Not Timely

First and foremost, TriPharma's Application must be denied as untimely.  A motion must be noticed for at least twenty-eight calendar days before the hearing.  *Civ. Local Rule 7.1(e)(1)*.  The Court directed Imagenetix to submit this response no later than Friday, November 18.  Even if the Application is granted on November 18, Imagenetix would only have twenty-four, not the required, minimum 28 days notice before the proposed December 12 hearing date.  This is insufficient notice under the rules and would be reversible error.

### B.   An Expedited Schedule Would Prejudice Imagenetix

This lack of notice would significantly prejudice Imagenetix.  If TriPharma's motions were heard on December 12, 2011, then Imagenetix's oppositions would be due on November 28, 2011, the Monday after the Thanksgiving holiday, and only four court days after Imagenetix had the opportunity to oppose TriPharma's Application.  *Civil Local Rule 7.1(e)(2)* (oppositions to motions must be filed fourteen calendar days before the scheduled hearing).  Therefore, if TriPharma's *ex parte* Application were granted, Imagenetix would be compelled to prepare – and this Court would have to review and analyze – two substantial oppositions over the Thanksgiving holiday.  This not

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-APPLICATION FOR SPECIAL BRIEFING SCHEDULE

1    only is unreasonable but the Court still would have to hear Imagenetix' primary motion to vacate

2    the award, which motion has not yet been scheduled for a hearing.  Rushing the conflicting motions

3    to an unreasonably quick hearing will not benefit the Court or the process.  Prudence dictates that

4    the two, dueling motions be heard and decided at the same time, not piecemeal.

5           TriPharma's request is particularly problematic given the significance of TriPharma's two

6    motions and the amount of briefing required to adequately oppose them.  To oppose the Motion to

7    Dismiss, Imagenetix will have to brief why the Arbitrator's manifest disregard of the federal Patent

8    Act gives this Court subject matter jurisdiction.  And, to oppose TriPharma's Motion to Confirm,

9    Imagenetix must detail all of the reasons why the Award should not be confirmed but instead be

10   vacated.  This opposition will brief a number of complex legal issues and arguments that go to the

11   heart of this Petition to Vacate proceeding.  Imagenetix should not be required to research and brief

12   these issues on the extremely truncated and unreasonable schedule TriPharma proposes, particularly

13   over the Thanksgiving holiday, when the arbitration Award in question was only issued two weeks

14   ago.

15          Amongst other errors, the Arbitrator's most critical error occurred when he reinstated the

16   Imagenetix-TriPharma Agreement despite knowing Imagenetix no longer owned the Patent under

17   which the weight loss product is manufactured.  As a matter of law, Imagenetix cannot comply with

18   the Agreement without violating the United States Patent Act and the patent rights of third party

19   First Fruits, which now owns the Patent.  At the time he issued his Award, the Arbitrator knew

20   Imagenetix had assigned the rights to the 892 Patent to First Fruits and he even referenced the

21   assignment in post-hearing rulings.  *See Spencer Decl., ¶9, Exs. D-E.*  Once Imagenetix assigned

22   the Patent, it no longer had the requisite Patent rights to manufacture or sell the weight loss product

23   to TriPharma.  Despite knowing those facts, the Arbitrator nonetheless ordered Imagenetix to

24   manufacture and sell the product to TriPharma.  If Imagenetix does so, it will be violating First

25   Fruits' Patent rights under the United States Patent Act.  *35 U.S.C. §271(a)* (prohibiting a party

26   from using, selling, or offering to sell a patented invention without the requisite patent rights).

27   TriPharma also would be violating First Fruits' Patent rights by purchasing the product from

28

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-
APPLICATION FOR SPECIAL BRIEFING SCHEDULE

1   Imagenetix.  *35 U.S.C. §271(b)* (prohibiting a party from actively inducing another to infringe upon

2   a patent).  This constitutes manifest disregard of the law and is an appropriate basis for vacatur.

3   *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001) (manifest disregard

4   includes when an award directs the parties to violate the law).[2]  As Imagenetix will explain in its

5   Opposition to the Motion to Confirm, this is just one of many reasons why the Award must be

6   vacated.

7          **C.     There Is No Good Cause for an Expedited Hearing**

8          TriPharma substantially exaggerates the need for an expedited hearing.  The originally

9   scheduled hearing date is four weeks after TriPharma's proposed expedited date.  This dispute has

10   been ongoing since early 2010.  There is no reason why an additional four weeks will prejudice

11   TriPharma.  Rather, the real reason TriPharma wants to rush this case to early determination is to

12   avoid the Court's scrutiny of the glaring issues favoring vacatur, as discussed above and as will be

13   fully briefed in Imagenetix' Motion to Vacate.

14          TriPharma's reference to the six month deadline to make a minimum purchase under the

15   Agreement is a "red herring."  The Award was issued on November 2, 2011, meaning TriPharma's

16   six-month deadline is not until May 2012.  There is no urgency that outweighs the prejudice that

17   will be done to Imagenetix if the motions are expedited. And, as explained above, Imagenetix does

18   not have the legal right to manufacture or sell the weight loss product to TriPharma so expediting

19   this case will not achieve anything.  These cross motions raise complex legal issues which require

20   careful and detailed briefing and analysis of an arbitration Award that threatens the continued

21   existence of a San Diego based publicly traded corporation.

22   **IV.    IMAGENETIX CROSS-APPLIES FOR A SPECIAL BRIEFING SCHEDULE SO**
23         **IMAGENETIX AND TRIPHARMA'S DUELING MOTIONS CAN BE HEARD ON THE SAME DATE**

24

---

25   [2]This error confers this Court with subject matter jurisdiction to hear this dispute.  Subject matter jurisdiction exists over
   a petition to vacate that alleges an arbitrator's award was rendered in manifest disregard of federal law.  *Luong v.*

26   *Circuit City Stores, Inc.*, 368 F.3d 1109, 1111-1112 (9th Cir. 2004).  As summarized herein, and as Imagenetix will
   fully brief in its Opposition to TriPharma's Motion to Dismiss, the Arbitrator manifestly disregarded the United States

27   Patent Law – a federal law – when he reinstated the Agreement despite knowing Imagenetix had assigned the 892
   Patent to First Fruits and no longer owned the patent or patent rights necessary to manufacture and sell the patented

28   weight loss product to TriPharma.

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITIATED HEARING AND CROSS-
APPLICATION FOR SPECIAL BRIEFING SCHEDULE

11cv2570 JAH JMA

Pursuant to Civil Local Rule 7,.1, Imagenetix requests that the Court (or Magistrate) schedule a conference for the purpose of setting  a special briefing schedule so that both parties may have adequate time to fully brief their dueling motions to vacate or to confirm the Award and have their competing motions (along with TriPharma's Motion to Dismiss) heard on the same date. Imagenetix should be afforded adequate time to fully prepare, brief and file its Motion to Vacate, and TriPharma should have adequate time to oppose that Motion.  Imagenetix submits that a special briefing schedule is far more practicable and fair to the parties and the Court than the expedited, truncated hearing schedule TriPharma wants to push through.

## V.   IMAGENETIX PROVIDED TIMELY NOTICE OF ITS CROSS-APPLICATION

On November 17, 2011 at 7:01 a.m., Respondents were informed via email that, as part of the response to TriPharma's *Ex Parte* Application that Imagenetix would be e-filing on November 18, Imagenetix also would be cross-applying for a special briefing schedule for Imagenetix and TriPharma's competing motions to vacate and to confirm the Award.  *Frost Decl., ¶2, Ex. A.*

## VI.   CONCLUSION

For the foregoing reasons, Imagenetix respectfully requests the Court deny TriPharma's Application and schedule a conference to set a special briefing schedule so the Court may hear Imagenetix' Motion to Vacate, TriPharma's Motion to Confirm, and TriPharma's Motion to Dismiss at the same hearing and allow all parties adequate time in which to fully brief the various issues raised by the motions.

DATED:  November  18, 2011

Submitted by,
SHUSTAK FROST & PARTNERS, P.C.
ERWIN J. SHUSTAK
THOMAS C. FROST
ROBERT L. HILL


_____*/s/ Thomas C. Frost*_____
THOMAS C. FROST

401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone: (619) 696-9500
Facsimile: (619) 615-5290
*Attorneys for Petitioners Imagenetix, Inc. and William  Spencer*

- 10 -

OPPOSITION TO RESPONDENTS' EX PARTE APPLICATION FOR EXPEDITED HEARING AND CROSS-APPLICATION FOR SPECIAL BRIEFING SCHEDULE